UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

Case No. 8:25-cv-01138-MSS-TGW

TRYLE POINDEXTER,

    Plaintiff,

vs.

NELNET, INC. DBA FIRSTMARK
SERVICES LLC,

    Defendant.
_____/

## DEFENDANT NELNET SERVICING LLC'S RESPONSE IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION TO STAY PROCEEDINGS AND COMPEL BINDING INDIVIDUAL ARBITRATION AND MEMORANDUM OF LAW

Defendant Nelnet Servicing, LLC d/b/a Firstmark Services LLC[1] ("Nelnet") requests this Court to enter an Order denying the Amended Motion to Stay Proceedings and Compel Binding Individual Arbitration filed by Plaintiff, Tryle Poindexter ("Plaintiff") [ECF No. 16]. Plaintiff's motion fails because Plaintiff waived his right to arbitration by filing suit and bargained away any election to arbitrate after the initiation of a lawsuit as part of the terms of the agreement.

---

[1] As noted in Defendant's Notice of Removal [ECF No. 1], Defendant was improperly named as "Nelnet, Inc." in the State Court Case.

1

139927128.1

## I. BACKGROUND

Plaintiff has sued Nelnet, his student loan servicer, alleging in his Amended Complaint that Nelnet has violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* and seeking declaratory and injunctive relief relating to Nelnet's alleged failure to provide proof of assignment.

Plaintiff initially filed his claims in small claims court in Hillsborough County, Florida. Nelnet removed these proceedings to this Court.

Plaintiff's original promissory note for his student loans was with Discover Bank. Nelnet is the current student loan servicer.

Procedurally, Plaintiff was absent from the first Case Management Conference with the Magistrate Judge. In response to Nelnet's Motion to Dismiss (ECF No. 10), Plaintiff amended his complaint for violation of the FCRA only, and he now seeks declaratory and injunctive relief. ECF No. 15. Additionally, Plaintiff now seeks arbitration and a stay of the proceedings, which is the subject of this response. ECF No. 16.

Plaintiff seeks arbitration based on an erroneous interpretation of both the promissory note and federal law. Plaintiff seeks application of the Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et. seq.* Specifically, he now seeks a stay of these proceedings and for this Court to order arbitration.

## II. PRO SE LITIGANTS AND APPLICATION OF FEDERAL RULES OF CIVIL PROCEDURE

Pro se litigants "are not relieved from following procedural rules." *George v. Snyder*, 847 Fed. App'x 544, 547 (11th Cir. 2021) (citation omitted). Even a pro se litigant is "still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading." *Burno v. Lake Tech Inst. of Pub. Safety*, 2025 WL 487782, at *3 (M.D. Fla. Feb. 13, 2025). "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Macker v. Naylor*, 2024 WL 4881373, at *5 (M.D. Fla. Nov. 25, 2024) (citing *Cummings v. Dep't of Corr.*, 757 F.3d 1228, 1234 n.10 (11th Cir. 2014)) (internal citation omitted).

## III. STANDARD TO WAIVE ARBITRATION

Generally, "state law governs the interpretation and formation of arbitration agreements." *Mansour v. Freedom Health, Inc.*, 2024 WL 551950, at *1 (M.D. Fla. Feb. 12, 2024). However, waiver of arbitration is "controlled by federal law under current Supreme Court and Eleventh Circuit precedent." *Id.* at 1.

"In enacting the Federal Arbitration Act (FAA), Congress set arbitration agreements on equal footing with all other contracts." *Dicandia v. Experian Info. Sols., Inc.*, 2025 WL 903629, at *2 (M.D. Fla. Mar. 25, 2025). The policy of the FAA is to make "arbitration agreements as enforceable as other

3

contracts, but not more so." *Morgan v. Sundance, Inc.*, 596 U.S. 411, 418 (2022). "As such, arbitration agreements must be 'rigorously enforce[d]' by the courts according to their terms." *Dicandia*, 2025 WL 903629, at *2 (citing *Walthour v. Chipio Windshield Repair, LLC*, 745 F.3d 1326, 1329-30 (11th Cir. 2014)).

"There are three factors courts consider in ruling on a motion to compel arbitration of a given dispute: (1) whether a valid written agreement to arbitrate exists; (2) whether an arbitrable issue exists; and (3) whether the right to arbitrate was waived." *Id.* at *2. Under the FAA, only a party that "is not in default in proceeding with such arbitration may receive a stay" and "only a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate" may seek an order compelling arbitration. *Lamonaco v. Experian Info. Sols., Inc.*, 2024 WL 1703112, at *1 (M.D. Fla. Apr. 19, 2024) (citing 9 U.S.C. §§ 3–4).

The Eleventh Circuit's waiver doctrine is "typically implicated when parties have 'invoked the litigation machinery' before reversing course and claiming that arbitration was the proper avenue all along." *Payne v. Savannah Coll. of Art & Design, Inc.*, 81 F.4th 1187, 1201 (11th Cir. 2023) (citation omitted). Generally, a party waives its right to arbitrate when it acts "inconsistently with the arbitration right." *Mansour*, 2024 WL 551950, at *4 (citing *Warrington v. Rocky Patel Premium Cigars, Inc.*, No. 22-12575, 2023

WL 1818920, at *2 (11th Cir. Feb. 8, 2023)). Courts evaluate the waiver based on the "facts of each case" and the "key factor" in deciding waiver is "whether a party has substantially invoked the litigation machinery prior to demanding arbitration." *Dicandia*, 2025 WL 903629, at *2. After the Supreme Court's decision in *Morgan*, courts no longer consider prejudice to the other party but only the totality of the circumstances in determining waiver. *Id*; *see also Gaudreau v. My Pillow, Inc.*, 2022 WL 3098950, at *6 (M.D. Fla. July 1, 2022).

Importantly, "[p]laintiffs waive arbitration simply by filing a lawsuit." *Lamonaco*, 2024 WL 1703112, at *9 (citing *Am. Sugar Ref. Co. v. The Anaconda*, 138 F.2d 765, 767 (5th Cir. 1943), aff'd, 322 U.S. 42 (1944)).

Of note, "Florida law articulates the same totality of the circumstances test for waiver as the Eleventh Circuit." *Lamonaco*, 2024 WL 1703112, at *8. (citing *Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005)). And under Florida law, "it is well-settled that 'prosecution or defense of a lawsuit on issues subject to arbitration' – that is, merits issues – waives the claimed right to arbitrate. *Adams v. Lashify, Inc.*, 689 F. Supp. 3d 1146, 1158 (M.D. Fla. 2023) (quoting *Seville Condo. No. One, Inc. v. Clearwater Dev. Corp.*, 340 So. 2d 1243, 1245 (Fla. 2d DCA 1976)).

## IV. ARBITRATION HAS BEEN WAIVED

### A. Plaintiff Misapplies the Contract on its Face

Plaintiff's argument is based upon a misquoting of the arbitration clause

139927128.1

contained in the subject promissory note.  Plaintiff alleges that the promissory note states "***We will not choose to arbitrate any Claim you bring in small-claims court; however, if that Claim is transferred, removed, or appealed, *either party* may then elect arbitration.***".  ECF No. 16 ¶ 2 (emphasis added).  First, the text of the agreement states:

> 2) Your Right to Go to Small Claims Court: We will not choose to arbitrate any Claim you bring in small claims court. However, if the Claim is transferred, removed, or appealed to a different court, we may then choose to arbitrate.

ECF No. 16 at Exhibit A, Section V, ¶ 2.

Important to note is that "we" refers to Discover Bank, the original holder of the note.  ECF No. 16 at Exhibit A, Section A ("The words "we", "our", and "us" mean Discover Bank.").  Nelnet has assumed that role.  *See* ECF No. 16 at Exhibit A, Section V, ¶ 6.

Here, Plaintiff has misquoted the promissory note.  The note does not even use the words "either party" as alleged by Plaintiff.  *Compare* ECF No. 16 ¶ 2 *with* ECF No. 16 at Exhibit A, Section V, ¶ 2.  And even if an accidental mistake of utilizing the word "we" in common usage, "we" is a defined word in the agreement, meaning Discover Bank or its successors.  As contractually agreed, only Nelnet, as the successor to Discover Bank, can invoke arbitration after Plaintiff files a claim in small claims court which is transferred, removed,

6

or appealed. Plaintiff cannot. Therefore, this Court should deny Plaintiff's request to compel arbitration.

### B. The Promissory Note as a Contract Governs whether Arbitration is Available

Further, "courts can only require parties to arbitrate if the parties have agreed to do so." *Dicandia*, 2025 WL 903629, at *2. As even the Supreme Court has noted, the policy of the FAA is to make "arbitration agreements as enforceable as other contracts, but not more so." *Morgan*, 596 U.S. at 418. "Under Florida contract law, "[w]hen the terms of a voluntary contract are clear and unambiguous… the contracting parties are bound by those terms, and a court is powerless to rewrite the contract to make it more reasonable or advantageous for one of the contracting parties." *Nephron Pharms. Corp. v. Hulsey*, 2021 WL 1341879, at *7 (M.D. Fla. Jan. 12, 2021). Here, the parties have made an agreement which reserves the right to arbitrate, post-filing of a court case, to Nelnet alone, and only under certain circumstances. ECF No. 16 at Exhibit A, Section V, ¶ 2. Nelnet has chosen not to arbitrate, and therefore the motion must be denied.

Further, "[u]nder Florida law, 'a phrase in a contract is 'ambiguous' only when it is of uncertain meaning and may be fairly understood in more ways than one.'" A*sphalt Paving Sys., Inc. v. S. States Pavement Markings, Inc.*, 2019 WL 3816699, at *7 (M.D. Fla. Aug. 14, 2019). Here, "we" is a defined term

of the agreement and does not mean both parties, regardless of what the Plaintiff may desire. It is not ambiguous and gives plain meaning to which party has the right to arbitrate post the filing of a lawsuit.

"It is well settled that the actual language used in the contract is the best evidence of the intent of the parties and, thus, the plain meaning of that language controls." *Tingley Sys., Inc. v. HealthLink, Inc.*, 509 F. Supp. 2d 1209, 1214 (M.D. Fla. 2007). Here, the intent of the parties is clear. First, prior to filing litigation, either party may choose arbitration. ECF No. 16 at Exhibit A, Section V, ¶ 1. Second, the parties agreed not to arbitrate any matter raised by Plaintiff in small claims court. ECF No. 16 at Exhibit A, Section V, ¶ 2. Third and finally, Nelnet and Plaintiff have agreed that if Plaintiff brings a matter in small claims court and the matter is later removed to federal court, that only "we", meaning Nelnet, may "then choose to arbitrate." *Id*. The terms of the contract are the "best evidence of the intent of the parties, and the plain meaning of that language controls.'" *SunTrust Bank v. Robinson*, WL 13105167, at *3 (M.D. Fla. Sept. 14, 2012) (citing *Emergency Assocs. of Tampa, P.A. v. Sassano*, 664 So. 2d 1000, 1003 (Fla. 2d DCA 1995)). As shown here, the language of the promissory note demonstrates that the intent of the agreement is to allow only Nelnet to elect arbitration if Plaintiff decided to file a lawsuit in small claims court.

In fact, the claim being removed to federal court was foreseen in the

8

agreement, as it states the specific party that may elect arbitration if a matter is removed to federal court. ECF No. 16 at Exhibit A, Section V, ¶ 2. And as the parties have agreed in the promissory note, only Nelnet can elect arbitration, which it declines to do. Therefore, this Court should deny Plaintiff's request to compel arbitration.

### C. Plaintiff through Conduct has Waived Arbitration

Moreover, by filing a lawsuit, Plaintiff has waived the right to arbitrate. "Plaintiffs waive arbitration simply by filing a lawsuit." *Lamonaco*, 2024 WL 1703112, at *9. When Plaintiff decided to file a lawsuit in small claims court, he waived his right to arbitrate. Only one party "invoked the litigation machinery prior to demanding arbitration", and that was Plaintiff. *See Dicandia*, 2025 WL 903629, at *2. At all times before, Plaintiff was free to seek arbitration. Instead, he chose litigation. Plaintiff has acted "inconsistently" regarding his right to arbitrate, and thus has forfeited it. *Mansour*, 2024 WL 551950, at *4. And he cannot now "revers[e] course" and seek arbitration. *Lamonaco*, 2024 WL 1703112, at *9; *see also Payne*, 81 F.4th at 1201.

Looking at the totality of the circumstances and the facts of this case, Plaintiff has waived his right to arbitrate. Plaintiff mistakenly thought he had a "carve out" to sue in small claims court. ECF No. 16 ¶ 9. First, this demonstrates that Plaintiff chose to litigate over pursuing arbitration. And Plaintiff reveals his strategy in doing so: to cause Nelnet "litigation costs". *Id.*

9

And Plaintiff continues to pursue litigation by filing an amended complaint in this Court. ECF No. 15.

Second, just because Plaintiff misinterpreted the contract on removal, it does not excuse him from following the terms of the agreement discussed *supra*, nor does it relieve him of the consequences of his decision to waive of arbitration under the law. Though *pro se* litigants are granted some leeway with procedural rules they are not "exempt" from "compliance" with substantive law. *See Macker*, 2024 WL 4881373, at *5 (citing *Cummings*, 757 F.3d at n.10 (11th Cir. 2014)).

Unlike many cases where courts have evaluated the defendant's motion to pursue arbitration and have had to evaluate whether a defendant has "substantially invoked the litigation machinery" by participating in pre-trial milestones, Plaintiff here is the party who explicitly invoked litigation. *See Gutierrez v. Wells Fargo Bank, NA*, 889 F.3d 1230, 1236 (11th Cir. 2018); *cf. Pinnacle Constructors Grp. LLC v. SSC Tuscaloosa Apartments LLC*, 2024 WL 3042536, at *2 (11th Cir. June 18, 2024) (Plaintiffs in *Pinnacle* gave "fair notice" that it only sought to invoke litigation to comply with state law to perfect a lien and that it intended to participate in arbitration to resolve the dispute.). Importantly, courts evaluate "the actions of the person who held the right" to arbitrate. *Morgan*, 596 U.S. at 417. Plaintiff had this right, and he selected litigation. He cannot now backtrack.

Since Plaintiff initiated this lawsuit, he has waived his right to arbitrate. Therefore, this Court should deny the motion.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's motion should be denied.

Dated: June 2, 2025				Respectfully submitted,

/s/  Naomi M. Berry
**Daniel C. Johnson**
Lead Counsel
Florida Bar No. 522880
Carlton Fields, P.A.
200 South Orange Ave, Ste. 1000
Orlando, FL 32801-3456
Telephone:  (407) 849-0300
Facsimile:  (407) 648-9099
Email: djohnson@carltonfields.com

**Naomi M. Berry**
Florida Bar No. 69916
700 NW 1st Avenue, Suite 1200
Miami, Florida 33136-41184
Telephone: (305) 530-0050
nberry@carltonfields.com
mcabrera@carltonfields.com

**Stefano J. Cavallaro**
Florida Bar No. 1024884
4221 W. Boy Scout Blvd., Ste. 1000
Tampa, Florida 33607
Telephone: 813-223-7000
scavallaro@carltonfields.com
mkihn@carltonfields.com
*Attorneys for Nelnet Servicing, LLC, improperly named as "Nelnet, Inc. d/b/a Firstmark Services LLC"*

11

## **CERTIFICATE OF SERVICE**

I hereby certify that on **June 2, 2025**, I electronically filed the foregoing with the Clerk of Court by using the Court's CM/ECF system thereby serving all registered users in this case. I further certify that a copy of the foregoing was served by U.S. mail to the following:

Tryle Poindexter
3123 Diamond Knot Cir
Tampa, FL 33607

*Pro Se Plaintiff*

　　　　　　　　　　　　　　　　　　　　*/s/ Naomi M. Berry*
　　　　　　　　　　　　　　　　　　　　Attorney