# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**TRYLE POINDESTER,**

    Plaintiff,

v.                                                       Case No: 8:25-cv-1138-MSS-TGW

**NELNET INC. d/b/a FIRSTMARK SERVICES,**

    Defendant.

_____

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Motion for Case Management Conference Before United States Magistrate Judge Thomas G. Wilson pursuant to the IDEAL Program. (Dkt. 8) Also before the Court is Defendant's Motion to Dismiss the Complaint, (Dkt. 10), Plaintiff's Motion to Use Electronic Filing (CM/ECF), (Dkt. 18), and Plaintiff's Unopposed Motion to Reschedule the IDEAL Case Management Conference. (Dkt. 19)

On May 20, 2025, United States Magistrate Judge Thomas G. Wilson issued a Report and Recommendation, (Dkt. 14), which recommended that Plaintiff be ordered to show cause for his failure to appear at the IDEAL Case Management Conference, which took place on May 16, 2025. In Plaintiff's Unopposed Motion to Reschedule the IDEAL Case Management Conference, Plaintiff represents that he mailed two filings to the Clerk on May 14, 2025, believing the filings would satisfy the

Court's IDEAL Order. (Dkt. 19) Plaintiff also represents that he was scheduled to work during the time of the Conference and thus could not attend. (Id.) The Court construes this Motion as an objection to Judge Wilson's Report and Recommendation or his demonstration of "Cause" for failing to attend the IDEAL conference.

In the Eleventh Circuit, a district judge may accept, reject, or modify the magistrate judge's report and recommendation after conducting a careful and complete review of the findings and recommendations. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong. § 2 (1976)). Absent specific objections, there is no requirement that a district judge review factual findings *de novo,* Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject, or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(C). The district judge reviews legal conclusions *de novo,* even in the absence of an objection. See Cooper-Houston v. Southern Ry., 37 F.3d 603, 604 (11th Cir. 1994).

Upon consideration of the Report and Recommendation and in conjunction with an independent examination of the file, the Court believes the Report and Recommendation should be adopted, confirmed, and approved in all respects.

However, Plaintiff's construed "cause showing" satisfies the Court that Plaintiff's failure to appear at the IDEAL Case Management Conference was due to excusable neglect. Plaintiff's Unopposed Motion to Reschedule the IDEAL Case Management Conference, (Dkt. 19), is **GRANTED**. The Parties' Motion for Case Management Conference Before United States Magistrate Judge Thomas G. Wilson pursuant to the IDEAL Program, (Dkt. 8), is also **GRANTED**. Judge Wilson will reset the matter at His Honor's convenience.

As for Plaintiff's Motion to Use Electronic Filing (CM/ECF), (Dkt. 18), "[p]ro se litigants are generally denied access to electronic filing unless extenuating circumstances exist to justify waiving CM/ECF procedures." Huminski v. Vermont, No. 13–cv–692, 2014 WL 169848, at *4 (M.D. Fla. Jan. 15, 2014). Plaintiff shows no extenuating circumstances to justify granting him access to CM/ECF. Thus, the Court **DENIES** this Motion without prejudice. As such, his filings shall continue to be made by paper.

The Court advises Plaintiff that he may elect to receive notices of filings by email. A notice will contain a hyperlink that will allow Plaintiff to view the filed document one time at no charge. The hyperlink expires after the earlier of two events: the first use or 15 days after the notice is emailed. After the hyperlink expires, Plaintiff must use PACER to view the filed document.[1] Importantly, when the Court allows a

---

[1] The Guide for Proceeding Without a Lawyer provides instructions on how to register for PACER.

*pro se* litigant to receive notice of filings by email, the Clerk no longer mails paper copies of filings to the litigant.

Finally, Defendant's Motion to Dismiss the Complaint, (Dkt. 10), is due to be **DENIED AS MOOT** because Plaintiff has filed an Amended Complaint, (Dkt. 15), and Defendant has filed an Answer and Affirmative Defenses. (Dkt. 21)

Accordingly, it is **ORDERED** that:

1. The Report and Recommendation, (Dkt. 14), is **CONFIRMED** and **ADOPTED** as part of this Order.

2. Plaintiff's Unopposed Motion to Reschedule the IDEAL Case Management Conference, (Dkt. 19), is **GRANTED**. The Parties' Motion for Case Management Conference Before United States Magistrate Judge Thomas G. Wilson pursuant to the IDEAL Program, (Dkt. 8), is **GRANTED**. Judge Wilson will schedule a second IDEAL Case Management Conference.

3. Plaintiff's Motion to Use Electronic Filing (CM/ECF), (Dkt. 18), is **DENIED WITHOUT PREJUDICE**.

4. Defendant's Motion to Dismiss the Complaint, (Dkt. 10), is **DENIED AS MOOT**.

**DONE** and **ORDERED** in Tampa, Florida, this 28th day of August 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

4

**Copies furnished to:**
Counsel of Record
Any Unrepresented Person